UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUIS CAYETANO-HERNANDEZ,<br><br>              Petitioner,<br><br>   v.<br><br>BRYAN S. WILCOX, et al.,<br><br>              Respondents. | CASE NO. C19-2038-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

      Petitioner, who is proceeding through counsel, initiated this 28 U.S.C. § 2241 immigration habeas action to obtain release from immigration detention or a bond hearing. Dkt. 1. On January 23, 2020, the Government moved to dismiss, arguing that petitioner was not entitled to release or a new bond hearing. Dkt. 8. On March 27, 2020, petitioner filed an amendment to his habeas petition adding a claim requesting release based on the COVID-19 pandemic. Dkt. 16. The Court ordered the parties to file supplemental briefs. On April 9, 2020, the Government notified the Court that petitioner had been released on an order of supervision and therefore asked the Court to dismiss this action as moot. Dkt. 20. Petitioner did not file a response by the April 10, 2020 deadline set by the Court.

      Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas

REPORT AND RECOMMENDATION - 1

petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Because petitioner's habeas petition challenges only the length of his immigration detention, his claims were fully resolved by release from custody. *See id.* at 1065. Accordingly, there is no collateral consequence that could be redressed by the Court, and petitioner's habeas petition should be dismissed as moot. *See id.*

Accordingly, the Court recommends the Government's motion to dismiss, Dkt. 8, be **GRANTED** and that petitioner's habeas petition and this action be **DISMISSED** without prejudice. A proposed order accompanies this Report and Recommendation.

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Objections, however, may be filed and served upon all parties no later than **April 27, 2020.** The Clerk should note the matter for **April 30, 2020**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed five pages. The failure to timely object may affect the right to appeal.

DATED this 13th day of April, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge